## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| INTERFACE SECURITY SYSTEMS, L.L.C., ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) JEFFREY R. EDWARDS, ) ) Defendant/Counter-Plaintiff. ) | Case No. 03-4054 |

### ORDER

On March 30, 2006, this Court entered an order in the above-captioned case denying three motions filed by Peter C. Fieweger ("Fieweger") on behalf of Jeffery R. Edwards ("Edwards"): (1) Motion to Strike and Dismiss the Motion to Vacate Arbitrator's Award [Doc. #31]; (2) Motion for Attorney's Fees and Costs [Doc. #33]; and (3) Motion for Sanctions [Doc. #37]. See [Doc. #50, Ct. Order of March 30, 2006].

This Court concluded that all three motions were essentially frivolous, raising arguments that were completely devoid of any legal merit. In addition, Fieweger filed several responses in stark contradiction to the Local Rules of the Central District of Illinois. And, as if this wasn't enough, Fieweger also initiated a new lawsuit on behalf of Edwards on Aug. 5, 2005, in an Illinois state court, creating an additional

1

layer of litigation in this case that appears to be completely unnecessary in light of the fact that this Court has retained jurisdiction over the instant matter.  See Interface Sec. Sys., L.L.C. v. Edwards, No. 05-MR-421, (14th Cir. Ct. Rock Island County, IL).

As a result, Fieweger is ordered to appear before this Court on May 2, 2006, at 11:30 AM and "show cause" why he should not be subject to sanctions for the conduct described both above and below.  See Johnson v. Cherry, 422 F.3d 540, 551 (7th Cir. 2005) (explaining that "before a court may impose sanctions *sua sponte,* it must give the offending party notice of its intent to do so and the opportunity to be heard").  The following discussion will briefly describe the specific conduct that this Court believes is subject to sanctions, as well as the legal basis upon which the Court may impose such sanctions.  See id. (stating that "the offending party must be on notice of the specific conduct for which [he] is potentially subject to sanctions").

Based on the Court's analysis of the pleadings, motions, and other papers filed by Fieweger on behalf of Edwards in the instant case, along with the thorough analysis contained in the March 30 Order, it appears that the following conduct warrants the imposition of sanctions:

(1) unreasonably and vexatiously multiplying the proceedings by filing a motion to strike and dismiss Interface's Motion to Vacate the Arbitrator's Award, rather than simply filing a cross-motion to confirm the arbitration award in accordance with § 9 of the FAA;

(2) unreasonably and vexatiously multiplying the proceedings by filing a new lawsuit on behalf of Edwards in the 14th Judicial Circuit Court in Rock Island County, Illinois, despite this Court's jurisdiction over the instant matter;

(3) arguing that this Court was divested of subject matter jurisdiction over Edwards' counterclaim because the resulting arbitration award was for less than $75,001 and, therefore, the "amount-in-controversy" requirement had not been met;

(4) arguing that this Court never had subject matter jurisdiction over Edwards' counterclaim despite pleading in excess of the $75,000 "amount-in-controversy" requirement in both his original and amended complaints;

(5) pleading in bad faith damages in excess of $75,000 in both Edwards' original and amended complaints;

(6) arguing that this Court recognized all along that it lacked subject matter jurisdiction over Edwards' counterclaim, despite the Court's explicit instructions to the contrary retaining jurisdiction by staying the case and instructing the parties to return to this Court upon a final decision by the arbitrator;

(7) arguing that this Court lacked authority to review the arbitrator's decision under § 10 of the FAA;

(8) arguing that the FAA did not apply to the settlement agreement ("Stipulation") in which the parties' expressly agreed to binding arbitration of Edwards' counterclaim;

(9) arguing that Congress has placed <u>all</u> employment contracts outside the scope of the FAA, despite Supreme Court and Seventh Circuit authority to the contrary;

(10) arguing that Illinois state law governed the judicial review of the arbitration award at issue, rather than the FAA;

(11) ignoring opposing counsel's repeated warnings that the legal arguments advanced by Fieweger were completely unfounded

and in stark contradiction to Supreme Court and Seventh Circuit precedent;

(12) unreasonably and vexatiously multiplying the proceedings by filing a motion for sanctions based on the same frivolous arguments previously advanced in Edwards' motion to strike and dismiss;

(13) unreasonably and vexatiously multiplying the proceedings by filing a motion for attorney's fees and costs based on perfunctory and undeveloped arguments that were completely unsupported by pertinent legal authority; and

(14) filing an untimely response and an unpermitted reply without leave of court in contradiction to the Local Rules of the Central District of Illinois (see CDIL-LR 6.1 and 7.1(B)(1)).

It appears to the Court that the above-mentioned conduct is subject to sanctions under one or more of the following: (1) Rule 11 of the Federal Rules of Civil Procedure;[1] (2) 28 U.S.C. §

---

[1] Rule 11(b) states:
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or **needless increase in the cost of litigation**;
>> (2) the claims, defenses, and other **legal contentions** therein are **warranted by existing law** or by a **nonfrivolous** argument for the extension, modification, or reversal of existing law or the establishment of new law;
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> Fed. R. Civ. P. 11(b) (emphasis added).

1927;[2] and this Court's inherent power to impose sanctions if it is determined that Fieweger acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Johnson, 422 F.3d at 548-49 (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991)); see also Methode Elecs., Inc. v. Adam Techs., Inc., 371 F.3d 923, 927-28 (7th Cir. 2004). Fieweger should also be aware that there is an abundance of Supreme Court and Seventh Circuit case law discussing and affirming the district court's power to sanction an attorney *sua sponte*, under one or more of the above statutory or judge-made rules. See, e.g., Burda v. M. Ecker Co., 2 F.3d 769, 773-78 (7th Cir. 1993).

In addition, the following discussion from the Seventh Circuit's decision in IDS Life Ins. Co. v. Royal Alliance Assocs., 266 F.3d 645 (7th Cir. 2001), is particularly relevant to the facts of the instant case:

> We come last to the issue of sanctions. In June 1998, a month after the arbitrators' first award . . . the defendants scampered off to a New York state court and asked it to confirm the arbitrators' award. The choice of forum was curious, since it was the federal district court in Chicago that at the defendants' urging had stayed the suit filed by the plaintiffs so that the matter could be referred to arbitration. ***But stranger than the choice of forum was the reason given***

---

[2] Section 1927 provides:
   Any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

*for the choice, that the district court in Chicago did not have jurisdiction to confirm the award--which is ridiculous*. It was the court in which the suit had originally been filed and arbitration ordered years before the defendants filed suit in another state to enforce the arbitration award that they had obtained.

*The district court in February of 1999 ordered the defendants to dismiss their New York suit*; they did so; and they make no argument that their jurisdictional theory, the ostensible though obviously not the true reason for their flight to New York, was reasonable, let alone that it was correct. Nevertheless the district court without any discussion of the reasonableness of the theory denied the plaintiffs' motion for sanctions under 28 U.S.C. § 1927.

That statute authorizes sanctions against a lawyer who vexatiously (which is to say gratuitously and injuriously) multiplies proceedings, *an excellent description of the defendants' action in seeking confirmation of the award in a different court from the one in which the suit giving rise to the arbitration had been pending for three years. . . .*

In ordering the defendants to dismiss their New York suit, the district judge noted that they had ignored relevant authority, "basing their dubious and disingenuous view to the contrary on inapposite authority." *He also said that they had acted in "blatant disregard" of his order staying litigation pending completion of the arbitration*, and expressed "doubts" that jurisdictional anxieties were the "real motive" behind the New York suit. Yet in denying the motion for sanctions he made no reference to these earlier statements of dismay with the defendants' conduct.

\* \* \*

So clear is it that the defendants filed a frivolous suit in a New York court in order to complicate this already far too complicated and absurdly protracted litigation, to the cost of the plaintiffs, that the district judge committed an abuse of discretion in refusing to sanction the defendants' counsel under section 1927. *The defendants' choice of forum, the ground, and the timing prove their bad faith. "When an attorney recklessly creates needless*

6

> ***costs the other side is entitled to relief." That's this case.***

Id. at 653-54 (emphasis added).

In light of IDS, this Court too orders Edwards to dismiss his state court action for confirmation of the arbitration award pending in the 14th Judicial Circuit Court in Rock Island County, Illinois.  Edwards' state court case should be dismissed as soon as practicable but, no later than April 25, 2006 (the date of the next scheduled hearing in that case).

If Edwards wishes to have his arbitration award confirmed, he should submit a brief 1 to 2 page motion for confirmation in this Court (the court having jurisdiction over the instant case) pursuant to § 9 of the FAA.  Since this Court has already determined that there are no grounds for vacating the arbitration award, confirmation will be summary. See 9 U.S.C. § 9 (stating that upon application the court ***must*** grant an order confirming the arbitration award unless it is vacated, modified, or corrected); see also Hasbro, 367 F.3d at 691-92 (stating that confirmation is usually routine or summary).

Finally, to facilitate the "Show Cause" hearing, Fieweger should submit a written response to this order within fourteen (14) days.  The response should be no longer than fifteen (15) pages.

IT IS THEREFORE ORDERED that Edwards' counsel, Peter C. Fieweger is to submit a response to this order within fourteen (14) days.

IT IS FURTHER ORDERED that Edwards' counsel, Peter C. Fieweger, is to appear before this Court on May 2, 2006, at 11:30 AM and "show cause" why he should not be subject to sanctions for the conduct described above.


Signed this  10th  day of April, 2006.


                                                /s/ Joe B. McDade
                                                JOE BILLY McDADE
                                      United States District Judge