## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| INTERFACE SECURITY SYSTEMS, L.L.C., ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) JEFFREY R. EDWARDS, ) ) Defendant/Counter-Plaintiff. ) | Case No. 03-4054 |

## ORDER

Before the Court is Plaintiff/Counter-Defendant, Interface Security Systems, L.L.C.'s ("Interface") Motion to Reconsider [Doc. #52]. For the reasons that follow, Interface's Motion to Reconsider will be DENIED.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). In its Motion to Reconsider, Interface claims that this Court stated on pages 34-36 of its March 30, 2006 Order [Doc. #50] that "counsel for Interface had not served Edwards' attorney with Interface's submission to the arbitrator, and that Edwards' attorney was therefore not obligated to send his submission to Interface's attorney." See [Doc. #52]. This rendition of the Court's statements, however, is incorrect.

First of all, what this Court stated in its March 30, 2006 Order was:

> It is *unclear*, however, exactly when, if at all, Interface provided Edwards with a copy of its statement of authority. In fact, **Interface does not allege, and has put forth no evidence whatsoever to indicate**, that a copy of the submission was ever forwarded to Edwards. *Nonetheless*, Edwards sent a copy of its additional statement of authority to Interface on June 28, 2005.

[Doc. #50, pg. 36] (emphasis added). Thus, the Court did not conclude that Interface failed to serve a copy of its submission on Edwards; instead, the Court simply stated that Interface did not allege, nor put fourth any evidence whatsoever indicating when, if at all, such submission was forwarded to Edwards.

Furthermore, this Court held that Edwards had no obligation to send Interface an advance copy of its additional statement of authority prior to the June 20, 2005 submission deadline. See [Doc. #50, pg. 36]. This holding is factually consistent with Interface's newly asserted claim that its additional statement of authority was indeed sent to Edwards on June 20, 2005. As this Court previously pointed out, and Interface does not contest:

> Interface has made clear in its Motion to Vacate [Doc. #28] and Smith's Declaration attached thereto [Doc. #29-10], as well as in its letter to the arbitrator [Doc. # 29-11], that Edwards had no obligation to forward a copy of its statement of authority until sometime after receiving a copy of Interface's statement authority.

2

[Doc. #50, pgs. 36-37].  Therefore, any possible obligation Edwards may have had to submit a copy of his additional statement of authority to Interface did not arise until after June 20, 2005.  As such, Interface left itself with no opportunity to respond before the submission deadline, and, again, has no one to blame but itself.

In conclusion, there is no "manifest errors of law or fact" in this Court's March 30, 2006 Order that is in need of correction.  More importantly, even if there were an error in regards to when Edwards' submission to Interface was due, such an error clearly would have no affect on the outcome of this case.  As this Court made painfully clear in the March 30, 2006 Order, Interface was not deprived of a fundamentally fair hearing and, therefore, the arbitrator was not guilty of misconduct under 9 U.S.C. § 10(a)(3) of the Federal Arbitration Act.  See [Doc. #50, pgs. 40-42].

IT IS THEREFORE ORDERED that Interface's Motion to Reconsider [Doc. #52] is DENIED.


ENTERED this  28th  day of April, 2006.


                                                                 /s/ Joe B. McDade
                                                                JOE BILLY McDADE
                                              United States District Judge