**E-FILED**
Friday, 19 January, 2007  04:41:52 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| INTERFACE SECURITY SYSTEMS, L.L.C., )<br>)<br>    Plaintiff/Counter )<br>    Defendant, )<br>)<br>v. )<br>)<br>JEFFREY R. EDWARDS, )<br>)<br>    Defendant/Counter- )<br>    Plaintiff. )<br>) | No. 03-cv-4054 |

## <u>O R D E R</u>

Before the Court are the Affidavit's of Peter C. Fieweger as counsel for Jeffrey Edwards [Doc. 60] and Lee Smith as Counsel for Interface Security Systems [Doc. 61].  This matter is before the Court on an imposition of sanctions imposed by the Court under 28 U.S.C. 1927.

This Court previously took the issue of imposing sanctions under Federal Rule of Civil Procedure 11 under advisement.  In this case, Interface has not filed a Motion for Sanctions under Rule 11 so this Court will not impose sanctions under Rule 11.

In addition, there is a matter of the total costs imposed against Attorney Fieweger.  A hearing was held in this matter on May 5, 2006 in which Attorney Fieweger was ordered to show cause as to why he should not be sanctioned for unreasonable and

vexatious proceedings before this Court.  The underlying case in this matter was a dispute between an employee and his former employer.  The parties agreed to binding arbitration and an arbitration hearing was held.  There, Edwards was victorious and received an award of $66,206.  Interface then filed a Motion to Vacate the Arbitrator's Award.  Rather than simply opposing the Motion to Vacate on the merits and just filing a Motion for Confirmation of the Arbitrator's award, Edward's counsel, Mr. Fieweger, filed a series of frivolous and vexatious Motions which needless consumed the Court's time.  In addition, Mr. Fieweger filed a needless and vexatious claim in state court to have the Arbitrator's award confirmed.  Furthermore, Mr. Fieweger sought to challenge this Court's jurisdiction because the award was less than $75,000.[1]  At the hearing, the raising of all of these frivolous and vexatious issues was discussed and the Court imposed sanctions under § 1927.

---

[1] Many a law student has asked the question: "If a plaintiff is awarded less than $75,000 does a federal court still have jurisdiction?"  The answer, of course, is that the size of the final award does not matter.  Otherwise, every legitimate claim for more than $75,000 could reach a just conclusion of less than $75,000 only to find that the entire claim needed to be re-litigated because the ultimate award was smaller than expected. As a result, courts apply the legal certainty test in which the amount listed in the plaintiff's complaint applies unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938).

Specifically, the Court ordered Interface's counsel to submit an affidavit with regards to the § 1927 violation to determine the size of the sanction.  The affidavit was to include attorney's fees with regard to the state court proceedings and costs related to the issue of jurisdiction in federal court.  Furthermore, Attorney Fieweger was allowed to submit a reply to the affidavit.

Instead of replying to the contents of the affidavit, Attorney Fieweger submitted a reply in which he challenges issues that have already been decided.  Again, Attorney Fieweger submits that he should not be the subject of sanctions and again Attorney Fieweger points to the conduct of opposing counsel to justify his actions.  Again, the Court must inform Attorney Fieweger that an issue has already been decided.  Currently, the issue before the Court is the size of the sanction not the imposition of sanctions itself.  This Court already determined that sanctions would be imposed under Johnson v. Cherry, 422 F.3d 540, 551 (7th Cir. 2005) and 28 U.S.C. § 1927.

Attorney Lee Smith's affidavit has assessed the costs at $8,156.80.  In response, Attorney Fieweger submits that most of the costs presented by Mr. Smith relate to Interface's unwarranted motion to vacate the binding arbitration award and only $2,112 of the legal fees were incurred from the frivolous state court proceeding.

3

In looking through the costs submitted by Mr. Smith the Court notes that there are some matters that are not, on their surface, clearly related to the issue of jurisdiction or the state court proceeding (such as "10/20/05 – Draft e-mail to Laura Friese").  These matters certainly could be related to the issue of jurisdiction; however, rather than conduct an additional hearing to determine which specific hours to assess, this Court will only assess those costs that are clearly related to either the state court proceeding or the issue of federal jurisdiction.

To that end, in addition to the $2,112 of legal fees which Fieweger concedes were related to the state court action, the Court notes that an additional $912 was clearly related to the issue of federal jurisdiction.  Specifically, Mr. Smith billed $462 on August 9, 2005 for reviewing motions and legal research regarding federal jurisdiction. And, Mr. Madison billed $450 on August 12, 2005 for analyzing and researching case law regarding federal diversity jurisdiction and the application of the federal arbitration act.  This bring the total cost of Mr. Fieweger's sanction under § 1927 to $3,024.

IT IS THEREFORE ORDERED that the Clerk is directed to amend the judgment to assess costs in the amount of $3,024 against Attorney Fieweger.

ENTERED this  19th  day of January, 2007.

                              s/ Joe Billy McDade
                              Joe Billy McDade
                        United States District Judge